UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 13 |
| BENJAMIN KLEIN, | 18-23417 (RDD) |
| Debtor, | |

----------------------------------------------------------x

| | |
|---|---|
| BENJAMIN KLEIN, | |
| Plaintiff, | |
| vs. | |
| Moshe Leib (Moses) Witriol, Yitzchok Dov (Isaac, George) Fisch, Rabbi Gabriel Stern, Zalman Dov Klein, Malky Fisch, Dina Klein, Aryeh Gutman, Schlomo Gutman, Aron Eagle, Jacob (Yossi) Eagle, Esther Klein, Avraham Lehrer, (& upon leave granted) Joseph Maria, and Does 1-100, | Adv. Pro. No. 19-08200 (RDD) |
| Defendant(s). | |

----------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND/OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND FOR A RESERVATION OF MOVANTS' RIGHTS REQUESTING THAT THIS COURT ABSTAIN FROM HEARING THE CLAIMS ASSERTED IN THE COMPLAINT**

Marc Stuart Goldberg, an attorney at law duly admitted to practice before this Court, affirms the following to be true under the penalties of perjury:

1. I am a Member of Marc Stuart Goldberg, LLC, attorneys for the defendants Yitzchok Dov (Isaac, George) Fisch, Malky Fisch, and Esther Klein (collectively the "Moving Defendants").

2. I have personal knowledge of the facts and circumstances of this action as hereinafter set forth.

1

3. I submit this affirmation in support of the motion of the Moving Defendants (the "Motion") that seeks an order dismissing the complaint herein [ECF Dkt. No. 1] (the "Complaint") in that the Complaint fails to set forth the grounds of this Court's jurisdiction as required by Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and/or, in the alternative, for an order directing Benjamin Klein, the plaintiff herein (the "Plaintiff"), to provide a more definite statement of the Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (the "FRCP") made applicable herein pursuant to, inter alia, Rule 7012 of the Bankruptcy Rules, as same is so vague and ambiguous that the Moving Defendants cannot reasonably prepare a response thereto; and for a reservation of Moving Defendants' rights to move this Court for an order of abstention from hearing the claims asserted in the Complaint, as may be amended or repleaded, pursuant to 28 U.S.C. § 1334(c)(2). A copy of Plaintiffs' complaint filed in this action (the "Complaint") is attached hereto as Exhibit A.

4. In the first instance, pursuant to Rule 8(a)(1) of the FRCP, made applicable herein by, inter alia, Rule 7008 of the Bankruptcy Rules, "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support…"

5. The Complaint fails to allege whether or not the claims, such as they are, are core or noncore, arising under or related to matters, as required by Bankruptcy Rule 7008(a).

6. These omissions are significant. Notwithstanding that the Complaint as drafted is incapable of being responded to, it would appear that many of the claims that Plaintiff looks to assert, are "State law claim or State law cause of action" "not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a

court of the United States absent jurisdiction under" 28 U.S.C. § 1334 and that tis Court should "abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

7. Furthermore, Plaintiff has demanded trial by jury as to those matters in which Plaintiff will assert that he may have the right to.

8. Thus, inter alia, and although the Moving Defendants find the Complaint incapable of a response, Moving Defendants look to reserve their rights to move this Court for an order of abstention from hearing the claims asserted in ECF Dkt. No. 1, as the Complaint presently exists, should the Court deny the Motion or as may be amended or repleaded, pursuant to 28 U.S.C. § 1334(c)(2), as well as understanding which claims Moving Defendants may need to defend to a jury.

9. As more fully set forth in the Moving Defendants' accompanying memorandum of law, the Complaint is so vague, ambiguous and/or convoluted, that Moving Defendants cannot reasonably be required to frame a response to the Complaint.

10. Furthermore, no less than three counts of the Complaint (Counts 2, 3 and 4), plead fraud, yet fail to set forth allegations "with particularity the circumstances constituting fraud or mistake" as required by Rule 9(b) of the FRCP, made applicable herein by Rule 7009 of the Bankruptcy Rules.

11. Pursuant to Rule 8(a)(2) of the FRCP, made applicable herein by Rule 7008 of the Bankruptcy Rules, "A pleading that states a claim for relief must contain: (2) *a short and plain statement* of the claim showing that the pleader is entitled to relief…(emphasis supplied)"

12. Additionally, it would appear that some of what Plaintiff asserts is barred in that this Court does not have jurisdiction to review or recast the underlying State Court determination (see, e.g., *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) although, once again, given the lengthy, convoluted and unintelligible pleading of the Complaint, it is impossible to determine whether that in fact is the case.

13. Additionally, pursuant to Rule 8(a)(1) of the FRCP, made applicable herein by Rule 7008 of the Bankruptcy Rules, "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support…"

14. Further, pursuant to Rule 8(b)(1) of the FRCP, made applicable herein by Rule 7008 of the Bankruptcy Rules, "In responding to a pleading, a party must:

    (A) state in short and plain terms its defenses to each claim asserted against it; and
    (B) admit or deny the allegations asserted against it by an opposing party.

15. The "allegations" set forth in the Complaint are neither "short" nor "plain." They are lengthy, convoluted and unintelligible. They are incapable of being responded to in short and plain terms.

16. Many, if not most every paragraph of the Complaint appears to assert multiple claims against multiple defendants.

17. That said, Moving Defendants find it impossible to tie in the allegations of the Complaint into the relief requested in the Complaint – the Complaint fails to identify which claim for relief is tied to which "count" (and much of what is sought by way of relief is either not framed in an intelligible fashion or appears to seek relief that is not within the jurisdiction of this Court).

18. Simply put, it is impossible for Moving Defendants to understand what it is Plaintiff is pleading or demanding of Moving Defendants – and thus impossible for Moving Defendants to frame admissions, denials or defenses in "short and plain terms;" indeed, in any terms.

19. No prior application for the relief requested herein has been made to this or any other court.

Dated:    Scarsdale, New York
         February 12, 2019

/s/ Marc Stuart Goldberg
Marc Stuart Goldberg