UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re,
BENJAMIN KLEIN,
PO Box 747
Monsey, NY 10952
SSN xxx-xx-7215

---------------------------------------------------------------------X

Benjamin Klein,

Plaintiff(s),

vs.

Case No. 18-23417 RDD
Chapter 13

Adversary No. 19-08200 RDD

Moshe Leib (Moses) Witrol, Yitzchok Dov (Isaac, George) Fisch, Rabbi Gabriel Stern, Zalman Dov Klein, Malky Fisch, Dina Klein, Aryeh Gutman, Schlomo Gutman, Aron Eagle, Jacob (Yossi) Eagle, Esther Klein, Avraham Lehrer, (& upon Leave granted) Joseph Maria, and Does 1-100,

Defendant(s).

---------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 7012, FED. R. CIV. P 12(b)(6), FED. R. BANKR. P. 7009 and FED. R. CIV. P. 9(b) TO DISMISS THE COMPLAINT**

February 19, 2019

Savad Churgin, LLP
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820

# TABLE OF CONTENTS

| | Page No. |
|---|---|
| TABLE OF AUTHORITIES .................................................. | i |
| INTRODUCTION................................................................... | 1 |
| ARGUMENT.................................................................... | 1 |
| The Complaint Must Be Dismissed for Failure to State a Claim Upon Which Relief Must Be Granted and For Failure to Provide a Short and Plain Statement of the Claim........................................................ | 1 |
| The Complaint Must Be Dismissed for Failure to Plead Fraud with Particularity.............................. | 3 |
| CONCLUSION..................................................................... | 4 |

# TABLE OF AUTHORITIES

## Cases

*Barsella v. United States*,
135 F.R.D. 64 (S.D.N.Y. 1991) .......... 3, 4
*Becker v. Adams Drug Co.*,
819 F.2d 32 (2d Cir. 1987) .......... 3
Bobrowsky v. City of Yonkers,
2009 WL 7765584 (S.D.N.Y. Dec. 4, 2009) .......... 3
*Coon v. Benson*,
2010 WL 769226 (S.D.N.Y. Mar. 8, 2010) .......... 4
*Donovan v. City of New York*,
1994 WL 603210 (S.D.N.Y. Nov. 1, 1994) .......... 3
*In re Lehman Bros. Holdings Inc.*,
469 B.R. 415 (Bankr. S.D.N.Y. 2012) .......... 2
*In re Marceca*,
127 B.R. 328 (Bankr. S.D.N.Y. 1991) .......... 4
*Praseuth v. Werbe*,
99 F.3d 402 (2d Cir. 1995) .......... 3
*Prezzi v. Schelter*,
469 F.2d 691 (2d Cir.1972) .......... 3

## Rules

Fed. R. Bankr. P. 7008 .......... 1, 2
Fed. R. Bankr. P. 7009 .......... 2, 4
Fed. R. Bankr. P. 7012 .......... 1
Fed. R. Bankr. P. 7012(b) .......... 2
Fed. R. Civ. P. 8 .......... 4
Fed. R. Civ. P. 8(a)(2) .......... 1, 2
Fed. R. Civ. P. 9(b) .......... 2, 4
Fed. R. Civ. P. 12(b)(6) .......... 1, 2, 3
Rule 8(a) .......... 3

## INTRODUCTION

Defendants Zalman Dov Klein and Dina Klein ("Responding Defendants") respectfully request that this Court dismiss the complaint in this action pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to comply with Fed. R. Bankr. P. 7008's and Fed. R. Civ. P. 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" and pursuant to Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b), for failure to plead fraud with particularity.

Plaintiff Benjamin Klein has filed a complaint that is simply incomprehensible, and on its face does not state a claim upon which relief can be granted. There are unintelligible accusations about a "Jewish Hasidic Power Structure" and "Oppression under the color of Law and Natural Law." There are claims about a "Façade", a "Front", an "Enterprise" a "Wall of Silence" and accusations that the Responding Defendants did things "in the shadows."

This complaint speaks for itself- it does not set out causes of action and it does not set forth actionable accusations against Responding Defendants. It certainly is not a short and plain statement of the claim showing that the pleader is entitled to relief. The Complaint also appears to allege fraud. However, Plaintiff has not pled fraud with particularity. For these reasons, the Complaint must be dismissed.

## ARGUMENT

The Complaint Must Be Dismissed for Failure to State a Claim Upon Which Relief Must Be Granted and For Failure to Provide a Short and Plain Statement of the Claim.

Fed. R. Bankr. P. 7012(b) incorporates Fed. R. Civ. P. 12(b)(6) and permits a bankruptcy court to dismiss an adversary proceeding if the complaint fails to state a claim upon which relief can be granted. *In re Lehman Bros. Holdings Inc.*, 469 B.R. 415, 434 (Bankr. S.D.N.Y. 2012).

Plaintiff's complaint in this action is incomprehensible and fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief", as required by Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8(a)(2). The Complaint makes indecipherable allegations that fall well short of making a short and plain statement or stating any claim upon which relief can be granted. Courts routinely dismiss cases such as this where the complaint is unintelligible. *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995) (complaint dismissed because the plaintiff "failed to supply a comprehensible complaint," and the complaint therefore did not satisfy the pleading requirements of Rule 8(a)); *Becker v. Adams Drug Co.*, 819 F.2d 32, 33 (2d Cir. 1987) (complaint dismissed where plaintiff failed to "file a short and plain statement of the facts supporting his allegation" and failed to "supply a comprehensible complaint", or "any facts supporting his allegation); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (per curiam), *cert. denied*, 411 U.S. 935 (dismissal of complaint pursuant to Fed. R. Civ. P. 12(b)(6) where complaint was "prolix and for the most part incomprehensible"); *Donovan v. City of New York*, No. 94 CIV. 3228 (JSM), 1994 WL 603210, at *1 (S.D.N.Y. Nov. 1, 1994), *aff'd sub nom. Morrison Law Firm v. Clarion Co.*, 60 F.3d 811 (2d Cir. 1995) (complaint dismissed where it is difficult to discern which actions are being discussed, where statements are made in conclusory terms and lapse into apparent irrelevancies, and where "even after several readings of the complaint ... the court can only guess at the roles played by the various defendants in the conspiracies and sub-conspiracies alleged by plaintiff").

The fact that Plaintiff is a pro se complainant is of no consequence because the complaint is so far afield from anything that would be comprehendible. *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (pro se complaint dismissed because the policy that pro se complaints must be liberally construed and all possible inferences must be drawn in favor of a pro se plaintiff "does

not mandate that a Court sustain every pro se complaint even if it is incoherent, rambling, and unreadable"); Bobrowsky v. City of Yonkers, No. 08 CIV. 11302 SCRLMS, 2009 WL 7765584, at *4 (S.D.N.Y. Dec. 4, 2009), *report and recommendation adopted*, No. 08 CIV. 11302 RO, 2011 WL 1118698 (S.D.N.Y. Mar. 24, 2011) (pro se complaints "which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [the goals of Fed. R. Civ. P. 8] and must be dismissed.") Id. at.

The Complaint should therefore be dismissed for failure to comply with the requirements of Fed. R. Civ. P. 8, because it leaves the Court and Responding Defendants "unable to discern how Plaintiff's federally-protected rights were violated, by whom, and when". *Coon v. Benson*, No. 09 CIV. 230 SCR/LMS, 2010 WL 769226, at *3 (S.D.N.Y. Mar. 8, 2010).

The Complaint Must Be Dismissed for Failure to Plead Fraud with Particularity.

Although it is difficult to decipher what relief Plaintiff is seeking, it appears as if Counts 2, 3 and 4 allege fraud because they contain the word "fraud" in the title. Pursuant to Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b), a fraud claim must be dismissed if it is not pled with particularity. Allegations of fraud must set forth the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Counts 2, 3 and 4 are not pled with particularity and must therefore be dismissed pursuant to Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b). *In re Marceca*, 127 B.R. 328, 333 (Bankr. S.D.N.Y. 1991).

## CONCLUSION

Responding Defendants respectfully request that the Court dismiss the Complaint in this matter.

Dated: Nanuet, New York
February 19, 2019

SAVAD CHURGIN LLP

Joseph A. Churgin (JC 6854)
Attorneys for Defendants Zalman Dov Klein
and Dina Klein
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820
j.churgin@savadchurgin.com