UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Settlement/Hearing: July 26, 2019
Time: 2:00 P.M.

In re,                                    )
BENJAMIN KLEIN,                           )
PO Box 747                                )
Monsey NY 10952                           )
SSN xxx-xx-7215                           )
_____ Debtor(s).                )

Case No. 18-23417 SHL
Chapter 13

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2019 JUN 26 P 2: 58

BENJAMIN KLEIN,                           )
                                          )
                Plaintiff(s),             )
                                          )
        vs.                               )
                                          )
Moshe Leib (Moses) Witriol, Yitzchok      )
Dov (Isaac, George) Fisch, Rabbi Gabriel  )
Stern, Zalman Dov Klein, Malky Fisch,     )
Dina Klein, Aryeh Gutman, Schlomo         )
Gutman, Aaron Eagle, Jacob (Yossi)        )
Eagle, Esther Klein, Avraham Lehrer, (&   )
upon leave granted) Joseph Maria, and     )
Does 1-100,                               )
                                          )
                Defendant(s).             )

Adversary No. 19-08200 SHL

NOTICE OF
CROSS MOTION (To Strike and in
Response to defective motions by certain
Defendants &/or Cured *and other Relief.*)

PLEASE TAKE NOTICE, that upon the annexed Affirmation of BENJAMIN KLEIN, and upon all of the pleadings and proceedings heretofore had herein, the undersigned will cross-move this Court at a hearing held at the United States Bankruptcy Court for the Southern District of New York located at 300 Quarropas Street, White Plains, New York, 10601 on the 26th day of July, 2019, at 2:00 in the afternoon of that day, or as soon thereafter as the Cross Motion may be heard, for an Order granting Plaintiff:

1. a) The striking of the Motion (Doc 51 of case No. 18-23417 *-it's misfiled in the wrong case,* and Doc4, Doc7, Doc12-15 + 19-21, Doc16-18, and Doc 25-28 in this case), and/or in the alternative, not acted on, for being defective, and/or in the alternative,
   b) The denial of the Motions to Dismiss for having no merit and/or Cured, and/or in the alternative,
   c) Leave to amend the Complaint (Doc1 in the case).

2. An order requiring Joseph Maria to pay the rent he collected to Chase Bank (secured creditor) in the amount of no less than $22,513.38 (this amount is undisputed) as he is required to do.

And for further relief as may be deemed just and proper.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief sought by the Cross Motion, shall be in writing, shall conform to the Bankruptcy Rules and Local Rules of the Bankruptcy

Court, shall state the name of the objectant, the basis of the objection and state with particularity the grounds therefore and shall be filed with the Bankruptcy Court electronically through the Bankruptcy Court's electronic filing system. A hard copy of the objections shall be delivered to the Chambers of the Honorable Sean H. Lane and served on the undersigned at the address set forth below, so as to be received no later than 4:00 pm on July 19, 2019. Only those objections that are timely filed, served and received will be considered by the Bankruptcy Court.

   **PLEASE TAKE FURTHER NOTICE** that, in the event no objections are raised to the relief requested in the Cross Motion, the Cross Motion shall be deemed uncontested on the return date and the relief sought may be granted in the Court's discretion.

Dated: _Rockland_ , New York
   June _26_ , 2019

                                          _(signature)_
                                          _____
                                          Benjamin Klein, Plaintiff
                                          PO Box 747
                                          Monsey NY 10952
                                          (845) 694-4578
                                          benmail914@gmail.com

To the following parties:

| | | |
|---|---|---|
| Moshe Leib (Moses) Witriol<br>417 Schunnemunk Rd.<br>Highland Mills, NY 10930<br><br>Marc Stuart Goldberg<br>670 White Plains Road, Suite 121<br>Scarsdale, NY 10583<br>(914) 725-8200<br>(914) 725-7724 (fax)<br>mgoldberg@msglegal.com<br><br>Robert M. Sassloff<br>Robinson Brog Leinwand Greene<br>Genovese & Gluck P.C.<br>875 Third Avenue, 9th Floor<br>New York NY 10022-0123<br>(212) 586-4050<br>(212) 956-2164 (fax)<br>rms@robinsonbrog.com | Kiryas Joel (Police) Dept. of<br>Public Safety, Moshe Leib<br>(Moses) Witriol<br>158 Schunnemunk Rd.<br>Monroe NY 10950<br><br>Joseph A. Churgin<br>55 Old Turnpike Rd. Suite 209<br>Nanuet NY 10954<br>(845) 624-3820<br>j.churgin@savadchurgin.com<br><br>Joseph J. Haspel, Esq.<br>1 West Main Street<br>Goshen NY 10924<br>(845) 294-8950<br>(845) 694-4409<br>jhaspel@haspellaw.net | Nicholas Fortuna    -3rd Floor<br>1010 Avenue of the Americas<br>New York, NY 10018<br>(212) 213-8844<br>nfortuna@allynfortuna.com<br><br>Avraham Lehrer<br>6 Karen Drive<br>Spring Valley NY 10977<br><br>Joseph Maria<br>301 Old Tarrytown Rd.<br>White Plains NY 10603<br>(914) 684-0333<br>jmariapc@optonline.net |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re, | ) | Case No. 18-23417 SHL |
| BENJAMIN KLEIN, | ) | Chapter 13 |
| PO Box 747 | ) | |
| Monsey NY 10952 | ) | |
| SSN xxx-xx-7215 | ) | |
| | ) | |
| Debtor(s). | ) | |

| | | |
|---|---|---|
| BENJAMIN KLEIN, | ) | |
| | ) | |
| Plaintiff(s), | ) | Adversary No. 19-08200 SHL |
| | ) | |
| vs. | ) | |
| | ) | |
| Moshe Leib (Moses) Witriol, Yitzchok | ) | **Affirmation in Support of** |
| Dov (Isaac, George) Fisch, Rabbi Gabriel | ) | **CROSS MOTION** (cured) |
| Stern, Zalman Dov Klein, Malky Fisch, | ) | and in further support of Cross Motion |
| Dina Klein, Aryeh Gutman, Schlomo | ) | dated March 4, 2019 (doc29 of this case) |
| Gutman, Aaron Eagle, Jacob (Yossi) | ) | |
| Eagle, Esther Klein, Avraham Lehrer, (& | ) | a. Chase, Maria, Council:  Pages 1-2 |
| upon leave granted) Joseph Maria, and | ) | b. Further in Support        Page 3 |
| Does 1-100, | ) | c. & d. Eagles               Pages 3-5 |
| | ) | |
| Defendant(s). | ) | |

| | | |
|---|---|---|
| State of New York | ) | |
| | ) | ss: |
| County of Rockland | ) | |

Benjamin Klein being duly affirmed, deposes and says:

1. He is the Plaintiff in this case.

2. Nathan Horowitz (Defendant's Attorney in the Chapter case) had no intentions of resolving anything. On June 13, 2019, immediately prior to this courts hearing, Nathan Horowitz misrepresented otherwise to Plaintiff's Chapter 13 attorney. To confuse the situation.

### a. Chase Bank and Joseph Maria

3. Plaintiff in his March 29, 2019 Cross Motion (Doc29 of of this case, Pg 1 of 8, Paragraph 2c) asked this court for "An interim Order that Hamaspik (Tenant) pay the $1472 monthly rent to Attorney Robert Lewis, who will pay Chase Bank (*Chase Bank prefers the payments be made via Attorney vs. directly from Tenant*)."

4. Plaintiff in his affirmation further states (Doc29 Pg 5 of 8, paragraph 23) "There is no urgency for Plaintiff on this, other than to demonstrate a good faith effort to Chase Bank, and/or until Chase Bank gets too concerned on the funds Joseph Maria collects but does not distribute to Chase Bank, as Joseph Maria is required to do."

5. Now it has become urgent. On May 10, 2019, Chase Bank filed a motion to move for                    **Page 1**

foreclosure. Plaintiff assumed in general *(and specifically due to (18-23417-shl) Doc50, which states that Chase is withdrawing it's Objection to Confirmation)* that Chase is not concerned for the escrow funds being held by Joesph Maria. And Plaintiff did not see Chase's "10 day notice of filing motion" (18-23417-shl, Doc52-5, Pg 2 of 2) or the claims it contains until after it was filed.

6. $15,020.16 (as per 18-23417-shl, Doc52-1, Pg 2 of 4, paragraph 8) in arrears to Chase is what triggered Chase to move for foreclosure. There is no rationale explaination why Joesph Maria is not forwarding funds he's collecting for the purpose to pay Chase, other than that he's cooperating with the alleged Criminal Enterprise outlined in the Complaint (Doc1). To further oppress Plaintiff and get Plaintiffs home foreclosed.

7. This is the kind of corruption Congress intended as a high priority to remedy and to protect the Estate under Title 11 U.S.C Chapter 13. An order of this court, requiring Joseph Maria to pay Chase will cure Chase's motion (18-23417-shl, Doc52). Chase Bank specifically advised that it would.

8. Therefore Plaintiff hereby asks this to court to order that the rent Joseph Maria collected, in the amount of no less than $22,513.38 (undisputed by Maria) should be immediately paid to Chase Bank. At the latest prior to the motion *(18-23417-shl Doc50)* being decided, rendering it cured.

9. And the loan will remain interest free (courtesy Chase Bank, filed on the *18-23417-shl docket between Doc45 and Doc46 dated 1/28/19*). Not withstanding, the Chase Modification Plan, after the 3 trial payments are paid, and the agreement executed will cure it too, but with interest. And the Chapter 13 Trustee has an additional $8500.00.

10. Plaintiff has also drafted an order to show cause (Exhibit A) for State Court, as mentioned in Case No. 18-23417 Doc 54, Pg 2 of 2, Paragraph 3(e)3. He has provided it to his matrimonial attorney to file, and will present to this court a copy after it's filed and then after the finding of facts by the State court.

11. Plaintiff has temporarily modified his Chapter 13 plan from $1600 to $150, so he can in the interim, pay every month the loan modification payments. After Chase filed the surprise motion on May 10, two $1600 payments became due. One on May 13, 2019, and one on June 13, 2019.

12. Plaintiff provided the modified plan for upload to PACER on June 12, 2019. But his attorney didn't get to upload it until June 17, 2019. So Plaintiff asks this court to temporarily waive the $2900 that is past due, at no fault of the Plaintiff. Until Plaintiff modifies the plan again. Hopefully there are no new unexpected surprises in this case and this will be the final time.

## Council

13. Plaintiff has successfully effectuated public discussions in Rockland County politics on criminal RICO[1] (as Plaintiff mentioned in Doc 29, Pg 5 of 8, footnote). But it didn't yet provide council for this case. Hopefully shortly. Not withstanding, this case is the only forum where the issues can be resolved. And prevent the situation from escalating.

---

[1] *Our political Duopoly combined with the Criminal Enterprise's dominance in Rockland County politics, has created a toxic and complacent mix. Much deeper in the shadows (blatant political scamming) than anticipated. But with some low hanging fruits (interesting developments) and ramifications way beyond Rockland County.*

**b. Further in support of Cross Motion Doc29 of this case.**

<u>**Gutman Defendants**</u>

14. On the Gutman Defendants Motion To Dismiss (Docs 25-28 of this case), Plaintiff in his affirmation (Doc29, Pg 6 of 8, paragraph 28) states that "[Defendant Shlomo Gutman's affirmation] Doc27 is not signed...". The Gutman's have been on notice on this since March 4, 2019 and has not cured the defect.

15. Furthermore Defendant Aryeh Gutman's affirmation (Doc26 of this case) is suspect. It is notarized in New Jersey very far from Aryeh Gutman's residence and business. But close to where Defendant Shlomo Gutman resides. And the Gutman's are the master fraudsters and the "seeders of confusion" in the Criminal Enterprise.

16. Plaintiff hereby incorporates by reference Docs10 and 30 (of this case), as if fully set forth herein. And Plaintiff apologizes if it was filed improperly and/or without the required permission.

<u>**All Responding Defendants**</u> *(Besides 3 Defendants)*

17. All Responding Defendants *(besides Defendants Witriol, Zalman and Dina Klein)* are on notice since the March 4, 2019 Cross Motion (Doc29 Pg 6 of 8, paragraph 24), but to date refuse to comply with Fed. R. Bankr. P. 7012(b). [Responsive Pleadings] "shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court."

18. All Responding Defendants have filed *responsive* pleadings. The Eagle Defendants have until April 22, 2019 only filed for extension of time. But on April 23, 2019 they have filed a *responsive* pleading (Doc51 in case no. 18-23417).

19. No one is "shadow counseling" for the Plaintiff (Doc33, Pg 5 of 6, Footnote 2). However the Plaintiff appreciates the compliment on the merits of his statements of fact and law.

**c.** <u>**Order to strike Eagle Defendants Motion,**</u> &/or <u>**not act on it,**</u> &/or <u>**deny it for being Defective.**</u>

20. Plaintiff has corrected in the caption the spelling of Aron to Aaron. *(And other than paragraphs: 24-25, 31-32, 37-39 and 43 below, the remainder of this section c and d. is mostly a repeat from Plaintiffs last cross motion on the other Defendants and it's subsequent doc, Docs 29 and 30)*

21. As mentioned in paragraphs 17-18 above, the Motions to Dismiss (Doc51 in case no. 18-23417) doesn't comply with Fed. R. Bankr. P. 7012(b). "shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court."

22. The blanket argument, that the Complaint lacks particularity, is frivolous <u>procedurally</u>. Especially in light of the allegations in the Complaint (Doc1 of this case) of multiple felony arrests, of multiple Defendants, listed in the Complaint.

23. And the allegations in the Complaint of the arrests, of multiple Defendants, for multiple Felonies, by government law enforcement agencies, put's the allegations way above the threshold of plausibility. In part because, by definition, government law enforcement personnel and their documents allege the same.

24. And specifically, the Town of Ramapo Police records and the Rockland County District Attorney's records show that no less than 1 of the Eagle Defendants was arrested and charged with no less than 1 felony. Plaintiff at this time does not have

**Page 3**

access to the records. However, they are Discoverable.

25. In addition, numerous court and other records show that the other Defendant's conspired with the Eagles to harm the Plaintiff. Including with no less than one attorney at Allyn & Fortuna LLP, the Eagles attorneys in this case. Including financially, &/or in the alternative,

**d. <u>Deny motions on the merits</u> and/or Cured &/or <u>leave to amend complaint</u>.**

26. The Complaint was cured from defects with the Declaration filed on February 19, 2019 (Doc10 in this case, and incorporated above in paragraph 16).

27. The blanket argument, that the Complaint lacks particularity, is frivolous <u>on the merits</u>. Especially in light of the allegations in the Complaint of multiple felony arrests, of multiple Defendants, listed in the Complaint (Doc1 of this case).

28. Including on the allegations of Fraud. Because the Circuit Court affirmed. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 311 F.3d 198 (3d Cir. 2002) *Id.* at 205. Judge Fuentes, writing for the court, explained Rule 9(b)'s standards as follows:

"<u>.....While we have acknowledged the stringency of Rule 9(b)'s pleading requirements, we have also stated that, in applying Rule 9(b), courts should be "sensitive" to situations in which "sophisticated defrauders" may "successfully conceal the details of their fraud."</u>

"<u>Where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed. Nevertheless, even when the defendant retains control over the flow of information, "boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible.</u>"

29. In this case, the Defendants are as sophisticated as it gets, *including on playing dumb*, and the allegations are factual not legal.

30. And as mentioned above "the allegations in the Complaint of the arrests, of multiple Defendants, for multiple Felonies, by government law enforcement agencies, put's the allegations way above the threshold of plausibility. In part because, by definition, government law enforcement personnel and their documents allege the same."

31. And specifically, the Town of Ramapo Police records and the Rockland County District Attorney's records show that no less than 1 of the Eagle Defendants were charged with no less than 1 felony. Plaintiff at this time does not have access to the records. However, they are Discoverable and the Defendant's have not denied that they exist.

32. In addition, numerous court and other records show that the other Defendant's conspired with the Eagle Defendants to harm the Plaintiff. Including with Allyn & Fortuna LLP, the Eagles attorneys in this case. Including financially and an Allyn & Fortuna LLP attorney was ordered by the judge to personally submit to depositions.

33. The Vigilante activities alleged in the Complaint is the norm, way of life we all grew up with and accepted as the authority (sovereign). So only to the outside world (in Western Societies) may the allegations in the Complaint sound far fetched and too dark to participate with. But in fact it's all understated in the Complaint. It's the tip of the iceberg.

34. The RICO statutes are by definition a dragnet against multiple Defendants who

**Page 4**

operate as an entity, the Criminal Enterprise. Which includes all participants who provide a material function to the Enterprise, regardless if the individual was (or can otherwise be) charged with a felony.

35. Playing dumb on the facts or on the structure of the Enterprise, (*or the other Defendants* mocking the RICO statutes) are not valid Defenses. And conspiring by definition means malice, intent and knowledge.

36. Ashcroft v. Iqbal, Gallop v. Cheney were claims from 9/11 suspects and 9/11 conspiracy theorists, that propelled the Supreme Court to raise the threshold from possible to plausible. Where in this case, as addressed in Doc29 it's Enterprise Vigilantes playing dumb.

37. First Nationwide Bank vs. Gelt Funding's RICO claims were based on regular course of business without proximate cause or the Defendants being charged with Felonies, (and the same for the various claims in Manela v. Gottlieb, GSGSB v. NY Yankees and Felton v. Walston).

38. In this case the Complaint alleges the Defendants conspired and targeted Plaintiff *(and as per paragraph 35 above: with malice, intent and knowledge)* to harm. And various Defendants were charged with various felonies by government law enforcement agencies. Moreover non of the moving Defendants have denied this fact.

39. Praseuth v. Werbe had no standing and not "...truly dedicated to the best interest of the person[s] on whose behalf he seeks to litigate." Clearly not applicable to this case. And Google (with a lot more than 130 trillion pages indexed) does not have "Saidin vs. New York City Dept. of Education." listed. Google had lots of details on all the other cases above.

40. It's the Defendants who are fanciful, to be assuming they can continue running vigilante operations and hide behind their delusional sovereignty. Good faith dialog, resolution and a transition to the rule of law, is a way better strategy going forward for all concerned.

41. And/or in the alternative, Plaintiff hereby moves this court for Leave to amend the Complaint.

## Conclusion

Therefore, Plaintiff request an Order granting Plaintiff:

42. a)The striking of the 7 Motions ( Doc51 in case no. 18-23417, Doc4, Doc7, Doc12-15 + 19-21, Doc16-18, and Doc 25-28 in this case), and/or in the alternative, not acted on, for being defective, and/or in the alternative,
b) The denial of the 7 Motions to Dismiss for having no merit and/or Cured, &/or in the alternative,
c) Leave to amend the Complaint (Doc1 in the case).

43. An order requiring Joseph Maria to pay the rent he collected to Chase Bank (secured creditor) in the amount of no less than $22,513.38 as he is required to do.

And for further relief as may be deemed just and proper.

Sworn to before me this _26TH_ day
of _JUNE_ , 20_19_

_Notary Public_

Benjamin Klein

CABRERA JANETH M.
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6308495
Qualified in Rockland County
Commission Expires   Jul 28, 20 _22_

Page 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

BENJAMIN KLEIN,

Plaintiff,

- against -

ESTHER KLEIN,

Defendant.

---

**ORDER TO SHOW CAUSE**

**FOR: <u>Finding of 2 facts.</u>**

Index No. 2243/2013
Robert M. Berliner, J.S.C.

Upon the annexed affidavit of BENJAMIN KLEIN, dated June __, 2019, and the papers annexed thereto,

LET Joseph Maria SHOW CAUSE BEFORE THIS COURT, at the courthouse thereof, located at 1 South Main St., New City, New York, 10956, on the _____ day of July, 2019, at 9:30 o'clock in the forenoon of that date or as soon thereafter as counsel may be heard, why a finding of fact should not be entered that:

1. Pending the Bankruptcy Case No. 18-23417, there is no justification for Joseph Maria not to transfer the rent funds he collects to Chase Bank.

2. Pending the Bankruptcy Case No. 18-23417, there is no reason why Joseph Maria's willful non performance as a receiver and harming the Estate, (and the Bankruptcy Court finds it as such), should not be under the jurisdiction of the U.S. Bankruptcy Court, Case No. 18-23417.

SUFFICIENT CAUSE THEREFOR APPEARING, it is

ORDERED that service of a copy of this order to show cause and the papers upon which it was made upon JOSEPH MARIA, by
☐   personal delivery pursuant to CPLR 2103(b)(1)
☐   office delivery pursuant to CPLR 2103(b)(3)
☐   overnight delivery service pursuant to CPLR 2103(b)(6)
on or before _____, 20___, shall be deemed sufficient service thereof.

Dated: New City, New York
        June __, 2019

_____
Robert M. Berliner, J.S.C.

U.S.
**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

BENJAMIN KLEIN,

Plaintiff,

- against -

ESTHER KLEIN,

Defendant.

---

**AFFIDAVIT IN SUPPORT
OF ORDER TO SHOW
CAUSE FOR: <u>Finding of 2 facts.</u>**
Index No. 2243/2013
Robert M. Berliner, J.S.C.

---

| | | |
|---|---|---|
| State of New York | ) | |
| | ) | ss: |
| County of _____ | ) | |

BENJAMIN KLEIN being duly affirmed, deposes and says:

1. He is the Plaintiff in this action, the Debtor in U.S. Bankruptcy Case No. 18-23417 and make this affidavit in support of his ORDER TO SHOW CAUSE for <u>Finding of 2 facts</u>.

2. This Court has ordered Joseph Maria to timely "<u>pay the home equity line of credit</u>" of Chase Bank, no less than the minimum monthly payments "<u>pursuant to the agreement entered into by Plaintiff BENJAMIN KLEIN</u>". (Exhibit A)

3. On behalf of Faith Miller (Council for the Defendant) Joseph Maria has failed to make payments after December 2017. The exact same time Faith Miller's husband, Alan Sheinkman became the Presiding Justice of the Appellate Division 2nd Dept.

4. In June 2018, after council for Plaintiff notified this court of the situation (Exhibit B), Joseph Maria made 1 payment to Chase Bank. And has since and is still collecting rent every month to date, but refused to make a single additional payment to Chase Bank, since June 2018 to date.

5. Selling justice to the highest bidder. Notwithstanding, an appearance of selling justice to the highest bidder (legal fees, political capital, etc.). Notwithstanding, in violation of the Equal Protection Clauses of the New York and Unites States Constitutions. No previous application for the same or similar findings has been made to this court.

    WHEREFORE, Plaintiff respectfully ask this Court to find that:

a) Pending the Bankruptcy Case No. 18-23417, there is no justification for Joseph Maria not to transfer the rent funds he collects to Chase Bank.

b) Pending the Bankruptcy Case No. 18-23417, there is no reason why Joseph Maria's willful non performance as a receiver and harming the Estate, (and the Bankruptcy Court finds it as such), should not be under the jurisdiction of the U.S. Bankruptcy Court Case No. 18-23417.

c) Finding such other and further facts as to the court may deem just and equitable.

Affirmed before me this_____day

of_____, 20____

_____

_____
            Notary Public

_____
            Benjamin Klein

2SBOCA-GKFAX -> 18459139565   Page 2 of 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

BENJAMIN KLEIN,
---------------------------------------------------X

                              Plaintiff(s),

          -against-

ESTHER KLEIN,
                              Defendant(s).
---------------------------------------------------X

**AMENDED ORDER
APPOINTING RECEIVER**
Index No.: 2243/2013

Hon. Thomas E. Walsh II, A.J.S.C.

This Court by Decision and Order dated June 8, 2016 having previously appointed Evan Wiederkehr, Miller Zelderman Weiderkehr & Schwarz LLP, as temporary receiver in these proceedings; and

Evan Wiederkehr having declined said appointment due to a potential conflict;

NOW, based upon the foregoing, it is hereby

ORDERED that Evan Wiederkehr, Miller Zelderman Weiderkehr & Schwarz LLP, is relieved as temporary receiver in these proceedings; and it is further

ORDERED that ~~JOSEPH A. MARTA~~ White Plains ~~3010 E. TARROWER Rd~~ 10603 be and is hereby appointed temporary receiver of the properties located at 68 Decatur Avenue Spring Valley, New York and 66 Decatur Avenue Spring Valley, New York, rental income, and expenditures of, and to pay the home equity line of credit, all currently and previously owed taxes pursuant to the agreement entered into by Plaintiff BENJAMIN KLEIN, and all utilities, to preserve and protect the assets of Plaintiff BENJAMIN KLEIN and Defendant ESTHER KLEIN, and to prevent their waste ; and it is further

ORDERED that by his filing of his oath in accordance with the Decision and Order of this Court dated June 8, 2016, JOSEPH A. MALIA _____ represents that his is on the approved list of fiduciary appointments pursuant to 22 NYCRR Part 36; and it is further

**NY
Exhibit A**

25BOCA-GHFAX -> 18459139565

ORDERED that JOSEPH A MAGIA _____ as temporary

receiver for the above described properties has the authority to utilize the services of a

managing agent of his choice for the purpose of maintaining the property and receiving rent

from the tenant(s); and it is further

ORDERED that the Court's Decision and Order dated June 8, 2016 shall otherwise

remain in full force and effect.

Dated: New City, New York
     July 1, 2016

<br/>

HON. THOMAS E. WALSH II
Acting Justice of the Supreme Court

**LAW OFFICE OF JEFFREY SCHONBRUN**
14 South Main Street
New City, New York 10956
---
*845- 634-3245*
*Fax: 888-341-2212*
Email: jschonbrun@gmail.com

June 4, 2018

**<u>Via Facsimile 638-5055, 638-5312</u>**
Hon. Robert M. Berliner, J.S.C.
Supreme Court Rockland County
Rockland County Court house
1 South Main Street
New City, NY 10956

                    Re:    Klein v Klein
                                 Index No.: 2243/2013

Dear Hon. Robert M. Berliner:

      I represent Mr. Benjamin Klein in the above-captioned matrimonial action. Ashley Kersting represents Mrs. Klein. The case is presently sub judice. I write to ask the Court's direction in addressing a rather serious matter that has arisen with the Court appointed Temporary Receiver, Joseph Maria.

      Attached, please find two letters addressed to Mr. Maria that have gone unanswered leaving the marital residence on a path to financial disaster. Bills have gone unpaid and the house has no insurance protecting it against any hazards. Likewise, the lender on the house, Chase, has been threatening foreclosure due to non-payment. Various and sundry other household expenses have been left unpaid by the Receiver, Mr. Maria, all without any attempt to advise the undersigned why this state of affairs persists.

**NY
Exhibit B**

I await the Court's direction as to how to proceed in the most expeditious manner in order to avoid any irreversible damage to the marital residence and to the parties' financial situation.

Very truly yours,

_____/s_____

**LAW OFFICE OF JEFFREY SCHONBRUN**

cc:    Mr. Joseph Maria, Esq.,
       Temporary Receiver via email: jmariapc@optonline.net
       Ashley Kersting, counsel for Mrs. Klein via email: ak@mzw-law.com
       Ben Klein

**LAW OFFICE OF JEFFREY SCHONBRUN**
14 South Main Street
New City, New York 10956
---
*845- 634-3245*
*Fax: 888-341-2212*
Email: jschonbrun@gmail.com

May 25, 2018

Mr. Joseph Maria, Esq.
Temporary Receiver
301 Old Tarrytown Road
White Plains, NY 10601

Re:    Klein v Klein
Index No.: 2243/2013

Dear Mr. Maria:

I wrote to you on May 2, 2018 as follows

*"Mr. Klein advises me that you are still collecting the rents but not paying bills since December. The insurance on the property was canceled for non-payment 6 weeks ago. Mr. Klein tells me that he has tried to get you to fix the situation but that he is getting a run around. Mr. Klein states that there is currently no liability or fire insurance on the property. Chase has also threatened to start foreclosure this month."*

*"Please advise me as to what is going on."*

To date, I have not received any written response to my inquiry. When I called your office and spoke to your secretary, Wendy, I was informed that your office was experiencing some staffing difficulties that prevented you from fulfilling your duties as Receiver. I was advised that the bills were being paid going forward.

Subsequently, Mr. Klein advised me that contrary to your secretary's assertion that the bills were hereafter being paid, they were not and are seriously in arrears.

I await your response by Tuesday May 29, 2018.  After that time, I will be addressing the issue with the Court and requesting guidance as to how to proceed to protect the parties' interest in the marital residence.

Very truly yours,

**LAW OFFICE OF JEFFREY SCHONBRUN**

cc:    Ben Klein
       Ashley Kersting <ak@mzw-law.com>

**LAW OFFICE OF JEFFREY SCHONBRUN**
14 South Main Street
New City, New York 10956

---

*845- 634-3245*
*Fax: 888-341-2212*
Email: jschonbrun@gmail.com

May 2, 2018

Mr. Joseph Maria, Esq.
Temporary Receiver
301 Old Tarrytown Road
White Plains, NY 10601

Re:    Klein v Klein
Index No.: 2243/2013

Dear Mr. Maria:

Mr. Klein advises me that you are still collecting the rents but not paying bills since December. The insurance on the property was canceled for non-payment 6 weeks ago. Mr. Klein tells me that he has tried to get you to fix the situation but that he is getting a run around. Mr. Klein states that there is currently no liability or fire insurance on the property. Chase has also threatened to start foreclosure this month.

Please advise me as to what is going on.

Very truly yours,

_____
**LAW OFFICE OF JEFFREY SCHONBRUN**

cc:    Ben Klein

## CERTIFICATE OF SERVICE

State of New York )

County of Rockland )

I, Bertin Belony (name), certify that service of the Cross Motion titled

Klein vs Witriol was made 6/26/19 (date) by:

☑ Mail service: Regular, first class United States mail, postage fully pre-paid, and addressed to:

| | | |
|---|---|---|
| Moshe Leib (Moses) Witriol<br>417 Schunnemunk Rd.<br>Highland Mills, NY 10930<br><br>Marc Stuart Goldberg<br>670 White Plains Road, Suite 121<br>Scarsdale, NY 10583<br>(914) 725-8200<br>(914) 725-7724 (fax)<br>mgoldberg@mslegal.com<br><br>Robert M. Sassloff<br>Robinson Brog Leinwand Greene<br>Genovese & Gluck P.C.<br>875 Third Avenue, 9th Floor<br>New York NY 10022-0123<br>(212) 586-4050<br>(212) 956-2164 (fax)<br>rms@robinsonbrog.com | Kiryas Joel (Police) Dept. of<br>Public Safety, Moshe Leib<br>(Moses) Witriol<br>158 Schunnemunk Rd.<br>Monroe NY 10950<br><br><br>Joseph A. Churgin<br>55 Old Turnpike Rd. Suite 209<br>Nanuet NY 10954<br>(845) 624-3820<br>j.churgin@savadchurgin.com<br><br><br>Joseph J. Haspel, Esq.<br>1 West Main Street<br>Goshen NY 10924<br>(845) 294-8950<br>(845) 694-4409<br>jhaspel@haspellaw.net | Nicholas Fortuna    -3rd Floor<br>1010 Avenue of the Americas<br>New York, NY 10018<br>(212) 213-8844<br>nfortuna@allynfortuna.com<br><br><br>Avraham Lehrer<br>6 Karen Drive<br>Spring Valley NY 10977<br><br><br>Joseph Maria<br>301 Old Tarrytown Rd.<br>White Plains NY 10603<br>(914) 684-0333<br>jmariapc@optonline.net |

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date 6/26/19    Signature _____

Sworn to before me this 26th

day of June 2019

Notary Public

Print Name: Bertin Belony

Business Address: 18 Fredrek drive
Valley New York 1097

CABRERA JANETH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6308495
Qualified in Rockland County
Commission Expires    Jul 28, 2022