**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:                                                                                         Chapter 13

BENJAMIN KLEIN,                                                                  Case No. 18-23417 (SHL)


                                    Debtor.
------------------------------------------------------------------x
BENJAMIN KLEIN,

                                    Plaintiff,

                     vs.                                                                       Adv. P. No. 19-08200 (SHL)

MOSHE LEIB (MOSES) WITRIOL, YITZCHOK
DOV (ISAAC, GEORGE) FISCH, RABBI
GABRIEL STERN, ZALMAN DOV KLEIN,
MALKY FISCH, DINA KLIEN, ARYEH
GUTMAN, SCHLOMO GUTMAN, ARON
EAGLE3, JACOB (YOSSI) EAGLE, ESTHER
KLEIN, AVRAHAM LEHRER, (& UPON
LEAVE GRANTED) JOSEPH MARIA, and
DOES 1-100),

                                    Defendants.
------------------------------------------------------------------x

## ORDER DISMISSING ADVERARY PROCEEDING *SUA SPONTE*

On October 7, 2019, the Court entered an order dismissing the above-referenced Chapter 13 case.  *See* Order Granting Motion to Dismiss Case No. 18-23417 [ECF No. 70 in Case No. 18-23417].  The above-referenced adversary proceeding filed by the Debtor, Adv. P. No. 19-08200 (the "Adversary Proceeding"), however, is still pending before the Court.  It is the general rule in this jurisdiction "that related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case." *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162 (2d Cir. 1995).  This is because "a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case." *Id.*  "Notwithstanding this general rule, however, nothing in the Bankruptcy Code requires a bankruptcy court to dismiss

related proceedings automatically following the termination of the underlying case . . ." *Id.* This decision is within the sound discretion of the court. *See id.* A court should consider "four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience to the parties, fairness and comity." *Id.* at 163.

Upon consideration of these factors and given all the facts and circumstances in this case, the Court finds it inappropriate to retain jurisdiction over the Adversary Proceeding. In reaching this decision, the Court notes the pendency of state court proceedings involving the Debtor and the appointment of a Temporary Receiver in those proceedings. The Court further notes that numerous allegations raised by the Debtor in this adversary proceeding relate to those state court proceedings and the actions of Mr. Maria, all matters that are best left to the state court. *See, e.g.*, Complaint, ¶¶ 41-51 [ECF No. 1 in Adv. Pro. No. 19-08200]; Benjamin Klein Affirmation in Support of Cross Motion, pages 3-8 of 17 [ECF No. 41 in Adv. Pro. No. 19-08200]; Letter Regarding Plaintiff's Motion to Strike, pages 2-7 of 12 [ECF No. 42 in Adv. Pro. No. 19-08200] (Benjamin Klein's proposed Order to Show Cause). Moreover, the Court observes that many of the allegations raised by Mr. Klein are incomprehensible and do not state a basis for relief. *See, e.g.*, Complaint, ¶¶ 24-27 (stating vague allegations referencing the activities of the "Enterprise"). In sum, the Court finds no reason to exercise its discretion to retain jurisdiction over this adversary proceeding. It is therefore,

**ORDERED**, that the Adversary Proceeding is dismissed without prejudice to any rights that the parties may have in any other forum.

Dated: New York, New York
      October 15, 2019

                                            */s/ Sean H. Lane*
                                            UNITED STATES BANKRUPTCY JUDGE